CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 17 2017
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SAMAURA J. DIEDE, | ) |
| | ) Civil Action No. 7:16CV00347 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security,[1] | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Samaura J. Diede, was born on September 13, 1982, and eventually completed her high school education. Ms. Diede received additional education as a nursing

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill will be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. See Social Security Act § 205(g), 42 U.S.C. § 405(g).

assistant. Plaintiff has worked as a sales clerk in a clothing store, clerk in a pet store, restaurant cashier, waitress, telemarketer, cook, and nursing assistant. Ms. Diede worked sporadically up until 2012, though much of her employment did not constitute substantial gainful activity within the meaning of the Social Security Act. (TR 24). The Administrative Law Judge determined that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (TR 24). On March 17, 2011, Ms. Diede filed an application for a period of disability and disability insurance benefits. Sometime later, she filed an application for supplemental security income benefits. Earlier applications for social security benefits had proven unsuccessful. In filing her most recent claims, plaintiff alleged that she became disabled for all forms of substantial gainful employment on August 1, 2008 due to bipolar disorder, depression, anxiety, and dislocated hip. At the time of an administrative hearing on June 10, 2015, plaintiff amended her applications so as to reflect an alleged disability onset date of April 6, 2010. (TR 56). Ms. Diede now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the second quarter of 2013, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, Ms. Diede is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before June 30, 2013. See gen., 42 U.S.C. § 423(a).

Ms. Diede's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 27, 2013, the Law Judge also determined that plaintiff is not disabled. On that occasion, the Law Judge determined that Ms. Diede retains sufficient functional capacity for

a limited range of medium work activity. Relying on testimony from a vocational expert, the Law Judge found that Ms. Diede retains sufficient functional capacity to perform several work roles existing in significant number in the national economy. Accordingly, the Law Judge denied plaintiff's claims for benefits. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). Ms. Diede then sought review of the Law Judge's adverse decision by the Social Security Administration's Appeals Council.

By order entered August 14, 2014, the Appeals Council remanded the case to the Law Judge for additional proceedings. The Appeals Council directed the Law Judge to give further consideration to plaintiff's residual functional capacity, and to pose more comprehensive hypothetical questions to a vocational expert. (TR 273-74).

Following conduct of two supplemental administrative hearings, the Law Judge issued a second opinion on July 2, 2015. The Law Judge found that Ms. Diede suffers from several severe impairments, including degenerative disc disease; facet arthropathy; bipolar disorder; panic disorder; and history of polysubstance dependence. (TR 24). Because of these severe impairments, the Law Judge held that Ms. Diede is disabled for all of her past relevant work roles. (TR 38). However, the Law Judge determined that plaintiff retains sufficient functional capacity for a limited range of light work activity. (TR 27). The Law Judge assessed Ms. Diede's residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) and she can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand, and walk for six hours in an eight-hour day. She can frequently operate foot controls with the right lower extremity. She can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, crouch, and crawl. She should avoid

concentrated exposure to unprotected heights, dangerous equipment, and vibrations. She is limited to simple, routine, unskilled jobs with no fast paced production or public interaction, and only occasional social interaction with coworkers and supervisors.

(TR 27). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that Ms. Diede retains sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. (TR 38-39). Accordingly, the Law Judge ultimately concluded that Ms. Diede is not disabled, and that she is not entitled to benefits under either federal program. (TR 40). See gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's second opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having now exhausted all available administrative remedies, Ms. Diede has appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

4

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record in Ms. Diede's case is in conflict. Plaintiff has a history of multiple musculoskeletal complaints, especially involving her right hip and sciatic nerve. She has also experienced shoulder problems and symptoms of carpal tunnel syndrome. One of plaintiff's treating internists, Dr. Raj Bharathan, has produced a medical assessment which indicates that Ms. Diede is totally disabled for all forms of sustained work activity, due to her combination of impairments, including musculoskeletal problems, fibromyalgia, and chronic pain syndrome. However, the court believes that the Administrative Law Judge reasonably relied on the findings of another treating physician, Dr. Trevar Chapmon, a physical medicine and rehabilitation specialist, in concluding that plaintiff's physical problems are not so severe as to contribute to an overall disability. Following an examination on June 21, 2010, Dr. Chapmon reported as follows:

> Right sided body pain, review of chart indicates this is an ongoing problem. Only finding is of obturator externus strain, which could be part of some of the pain, but could also be coincidental. It certainly would not explain pain on her entire right side of the body. She is also concerned about swelling in the right LE, and other pains I could not easily attribute to the MRI findings. I will get lumbar MRI, see if any other findings show up. I suggested to her that if the muscle strain is contributing to a sciatica type syndrome, considering nerve block or ESI may be good. She immediately explained that was out of the question because she knows to [sic] many people who had problems made worse by ESI. She asked about medications, I told her my goal is to try and find out what is causing the problems, she was quite sure the MRI already showed that, and asked why I would not provide a muscle relaxer and NSAID. I explained she was already on an NSAID that according to the phone note did not help, and again explained I cannot attribute her symptoms to any finding I would expect to have on MRI, and I do not think medications at this time are appropriate. She was quite frustrated with me.
>
> Her chart has numerous entries for treatment of quite a variety of pains. I will do what I can to try and help find any potential problems that could be contributing, I am not optimistic that any amount of workup will reveal anything.

(TR 1033). The objective studies in Ms. Diede's case, including the lumbar MRI, have proven essentially unremarkable, other than for notation of mild degenerative disease process. In short, the court concludes that the Administrative Law Judge reasonably assessed the medical record in determining that plaintiff retains sufficient, physical ability for light work activity.

The court believes that Ms. Diede's emotional problems represent her more serious impairment. Plaintiff carries a diagnosis of bipolar disorder, anxiety, depression, and panic disorder. She has been treated for emotional symptomatology over a period of many years. A mental health assistant has produced a report suggesting that plaintiff's emotional problems render her totally disabled. While the court agrees that plaintiff's nonexertional impairments substantially affect her capacity for work, the court must conclude that the medical record supports the Law Judge's finding that Ms. Diede is not totally disabled for all forms of work. One of her treating psychiatrists, Dr. John O. Hurt, has noted on several occasions that plaintiff remains stable when medicated, and that she gets along well when properly treated. (TR 1333, 1353, 1377, and 1379).

In assessing plaintiff's emotional condition, the Law Judge also relied on a psychological evaluation from Dr. Jeffrey B. Luckett. While Dr. Luckett confirmed the diagnoses of bipolar disorder, panic disorder, ADHD, and dysthymic disorder, he opined that Ms. Diede could be expected to work. Dr. Luckett commented as follows:

> In regards to employment, from a strictly psychological standpoint, Ms. Diede would be able to perform simple and repetitive as well as more detailed job requirements. She would be able to maintain regular attendance in the work place, working on a consistent basis without the need for special supervision. She would be able to complete a normal work day/work week without interruption from her psychiatric issues. She would be able to accept instructions from supervisors and

6

> work with the general public and peers successfully. She would be able to deal
> with the typical stressors involved in competitive work.

(TR 1388).

The Law Judge also relied heavily on input from another psychologist, Dr. Gary Bennett, who responded to a medical interrogatory and provided testimony at one of the supplemental administrative hearings. In his interrogatory response, Dr. Bennett assessed plaintiff's work-limitations as follows:

> I would suggest a work setting in which Ms. Diede would have no contact with
> the general public and would not have to work around large groups of people. I
> would suggest only occasional contact with co-workers and supervisors. Although
> Ms. Diede's IQ is in the average range, her lack of education and training would
> indicate a work environment where she would only be required to perform simple
> 1-2 step tasks would be preferable. I would also recommend a low stress work
> environment in which she would not be subject to high-paced production
> demands.

(TR 1347). Dr. Bennett offered similar observations in his testimony at the administrative hearing conducted on October 27, 2014. (TR 114-18).

In summary, despite the conflicts in the medical record, the court believes that the Administrative Law Judge reasonably concluded that plaintiff's combination of impairments does not prevent performance of unskilled, light work roles involving performance of simple tasks with no fast paced production, and only limited interaction with co-workers. The court finds that the Law Judge captured plaintiff's limitations in the hypothetical questions put to the vocational expert. The court concludes that the vocational expert's testimony, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence of record. It follows that the Law Judge's reliance on the vocational expert's testimony, and the Law Judge's ultimate conclusion that Ms. Diede is not disabled for all forms of

substantial gainful employment, are supported by substantial evidence. Thus, the court concludes that the final decision of the Commissioner must be affirmed.

On appeal to this court, Ms. Diede, through counsel, makes several arguments in support of her motion for summary judgment. Plaintiff contends that the Administrative Law Judge erred in rejecting the opinion and findings of Dr. Raj Bharathan. Ms. Diede maintains that, as her treating physician, Dr. Bharathan's input should have been accorded greater weight. However, as previously noted, the Commissioner relied on clinical notes from other treating physicians, including Dr. Chapmon, in determining that plaintiff's physical problems do not contribute to an overall disability. As Dr. Chapmon reported, the objective studies in plaintiff's case simply fail to document any mechanical problem which could be expected to produce the level of physical discomfort of which plaintiff complains. In a similar vein, Ms. Diede also asserts that the Law Judge failed to adequately consider or credit her testimony at the various administrative hearings. While it is true that Dr. Bharathan's report suggests that Ms. Diede is unable to engage in sustained employment activity, and while plaintiff's testimony suggests that her subjective complaints render her totally disabled, it is well settled that, in order for pain to be deemed disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). As noted by Dr. Chapmon, the medical record in Ms. Diede's case falls short of establishing a physical cause for her complaints of disabling pain and subjective discomfort. Likewise, the court believes that the Law Judge properly determined Dr. Bharathan's physical findings are not supported by other evidence of record.

substantial gainful employment, are supported by substantial evidence. Thus, the court concludes that the final decision of the Commissioner must be affirmed.

On appeal to this court, Ms. Diede, through counsel, makes several arguments in support of her motion for summary judgment. Plaintiff contends that the Administrative Law Judge erred in rejecting the opinion and findings of Dr. Raj Bharathan. Ms. Diede maintains that, as her treating physician, Dr. Bharathan's input should have been accorded greater weight. However, as previously noted, the Commissioner relied on clinical notes from other treating physicians, including Dr. Chapmon, in determining that plaintiff's physical problems do not contribute to an overall disability. As Dr. Chapmon reported, the objective studies in plaintiff's case simply fail to document any mechanical problem which could be expected to produce the level of physical discomfort of which plaintiff complains. In a similar vein, Ms. Diede also asserts that the Law Judge failed to adequately consider or credit her testimony at the various administrative hearings. While it is true that Dr. Bharathan's report suggests that Ms. Diede is unable to engage in sustained employment activity, and while plaintiff's testimony suggests that her subjective complaints render her totally disabled, it is well settled that, in order for pain to be deemed disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). As noted by Dr. Chapmon, the medical record in Ms. Diede's case falls short of establishing a physical cause for her complaints of disabling pain and subjective discomfort. Likewise, the court believes that the Law Judge properly determined Dr. Bharathan's physical findings are not supported by other evidence of record.

Ms. Diede also argues that the Law Judge failed to give controlling weight to the findings of a mental health assistant, Karen Williams. While it is true that Ms. Williams' psychological report suggests that plaintiff was disabled at the time of evaluation on March 13, 2009, later psychiatric and psychological reports do not document the same level of dysfunction. Indeed, as set forth above, the court believes that the Law Judge reasonably relied on the reports from the treating psychiatrist, Dr. Hurt, as well as those from the psychologists, Dr. Luckett and Dr. Bennett, in determining that plaintiff's nonexertional impairments are not so severe as to produce or contribute to an overall disability. Once again, Dr. Hurt found that Ms. Diede does well when properly treated and medicated, while Dr. Luckett and Dr. Bennett specifically found that plaintiff could be expected to perform unskilled work not involving production quotas or more than infrequent exposure to co-workers, despite her mental health problems. Stated differently, the court believes that the Law Judge reasonably determined to give less weight to the report from Ms. Williams.

Plaintiff's last argument presents a much closer question. As previously noted, the psychologist, Dr. Bennett, produced responses to written interrogatories, and offered testimony at one of the administrative hearings. On both occasions, Dr. Bennett opined that plaintiff experiences moderate limitations in her capacity to engage in activities of daily living, maintain social function, and maintain concentration, persistence, or pace. (TR 117, 1344). Plaintiff notes that the Law Judge failed to include such moderate limitations in her finding as to plaintiff's residual functional capacity, or in the hypothetical question propounded to the vocational expert. Relying on a line of cases culminating most recently with the decision of the United States Court of Appeals for the Fourth Circuit in <u>Mascio v. Colvin</u>, 780 F.3d 632, 638 (4th Cir. 2015),

plaintiff contends that the Law Judge's finding as to residual functional capacity for simple, unskilled work roles fails to take into account plaintiff's impairments in terms of concentration, persistence, and pace. While this court has adopted such reasoning on multiple occasions, see e.g., Sexton v. Colvin, 21 F. Supp. 2d 639, 642-43 (W. D. Va. 2014), the court does not believe that the evidence in Ms. Diede's case supports application of this rule. Even after recognizing that Ms. Diede experiences moderate limitation in her concentration, persistence, or pace, Dr. Bennett opined that plaintiff can still be expected to perform a limited range of work activity. (TR 117-18, 1347). Stated differently, the court believes that Dr. Bennett's input in Ms. Diede's case overcomes the deficiency which often occurs when the Law Judge fails to include moderate limitations in the capacity to stay on task in the finding as to residual functional capacity, and in the hypothetical question put to the vocational expert. The court believes that the Administrative Law Judge reasonably relied on Dr. Bennett's assessment in concluding that Ms. Diede remains capable of performing some forms of work activity, despite her mental health problems.

In affirming the Commissioner's final decision, the court does not suggest that Ms. Diede is free of all pain, discomfort, weakness, and emotional dysfunction. Indeed, the medical record confirms that plaintiff suffers from definite problems which can be expected to result in subjective limitations. However, it must again be noted that several medical specialists who have evaluated plaintiff's physical and emotional problems, believe that she retains the capacity to perform regular activity. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra, at 594-95. Once again, it appears to the court that the Administrative Law Judge considered all of the medical evidence, as well as all of the subjective factors reasonably supported by the

record, in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 17th day of April, 2017.

_____
Chief United States District Judge